THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ZACHARY ENTZ,<br><br>                    Defendant. | CASE NO. CR16-0327-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Zachary Entz's motion for compassionate release (Dkt. No. 71), Entz's motion to seal (Dkt. No. 72), and the United States' motion to seal (Dkt. No. 76). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Entz's motion for compassionate release and GRANTS the motions to seal (Dkt. Nos. 72, 76) for the reasons explained herein.

**I.   BACKGROUND**

In December 2016, Entz was indicted for stealing personal identifying information from over 250 people, including their names, addresses, bank account numbers, and Social Security numbers. (Dkt. No. 35 at 1.) Entz used this stolen information, resulting in losses of over $75,000 and intended losses of nearly $280,000. (*Id.* at 9, 14.) Entz had already built up a criminal history in the prior decade with convictions for crimes such as forgery, theft, and other identity theft. (*Id.* at 35–55.) Entz pleaded guilty to two counts of identity fraud. (*Id.*) In August

2017, this Court sentenced Entz to 78 months in prison with an additional three years of supervised release. (Dkt. No. 58.) In August 2019, Entz was disciplined for possessing personal identification documents of an unknown individual. (Dkt. No. 71-1 at 2.)

FCI Terminal Island, where Entz is incarcerated, has experienced a major outbreak of COVID-19 in which over 600 of 980 inmates have been infected and five have died. *See* COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last updated June 26, 2020). On April 17, 2020, Entz submitted a compassionate release request to the Bureau of Prisons ("BOP"). (Dkt. No. 71-2 at 2.) On May 6, 2020, defense counsel filed the present motion for compassionate release pursuant to U.S.C. §3582(c)(1), arguing that the widespread COVID-19 outbreak at FCI Terminal Island, coupled with Entz's asthma, make Entz vulnerable to COVID-19 and therefore warrants compassionate release. (Dkt. No. 71 at 4-5.) Six days later, the United States filed records indicating that Entz has tested positive for COVID-19. (Dkt. No. 77.) According to medical records from early May, Entz had experienced mild shortness of breath for at least two weeks but apparently no other symptoms. (*Id.* at 2.)

## II. DISCUSSION

### A. Motions to Seal

The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g). To overcome this presumption, there must be a "compelling reason" for sealing that is "sufficient to outweigh the public's interest in disclosure." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Entz seeks to maintain under seal Exhibit 1 to his motion for compassionate release. (Dkt. No. 72.) The Court has reviewed the sealed material and finds that Entz's interest in keeping the sensitive information confidential outweighs any public interest in its disclosure. The Government does not oppose the motion. Therefore, Entz's motion to seal (Dkt. No. 72) is GRANTED.

The United States seeks to maintain under seal Exhibit B to United States' response to

the motion for compassionate release. (Dkt. No. 76.) The Court has reviewed the sealed material and finds that it contains personal information which should not be available to the general public and that this outweighs any public interest in its disclosure. Entz does not oppose the motion. Therefore, the United States' motion is GRANTED.

### B. Motion for Compassionate Release

The Court may consider a motion for compassionate release if (1) the defendant has submitted a request to the BOP to bring a motion for compassionate release on his behalf; (2) the defendant has submitted a motion to the Court; and (3) at least 30 days have elapsed from the warden's receipt of the compassionate release request. *See* 18 U.S.C. § 3582(c)(1)(A). On April 17, 2020, Entz submitted his compassionate release request to the warden. (Dkt. No. 71-2 at 2.) Entz then filed the present motion on May 6, 2020. (Dkt. No. 71.) Because more than 30 days have elapsed since his request to the BOP, Entz's motion for release is ripe for the Court's consideration. 18 U.S.C. § 3582(c)(1)(A).

#### 1. Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's relevant policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate. USSG § 1B1.13 cmt. n.4. Taken together, the policy statement and 18 U.S.C. § 3582(c)(1)(A) create a three-step process for ruling on a motion for compassionate release: the court must first decide whether "extraordinary and compelling reasons warrant . . . a reduction [in the defendant's sentence]," then determine whether "the defendant is . . . a danger to the

safety of any other person or to the community," and finally assess whether a reduction in the defendant's sentence is consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.

### 2. Extraordinary and Compelling Circumstances

The past few months have shown that prisons are a breeding ground for COVID-19. In the last month alone, the number of prison inmates known to have COVID-19 doubled to 68,000, and prison deaths tied to COVID-19 rose by 73 percent. *See* Timothy Williams *et al.*, *Coronavirus Cases Rise Sharply in Prisons Even as They Plateau Nationwide*, N.Y. Times https://www.nytimes.com/2020/06/16/us/coronavirus-inmates-prisons-jails.html (last updated June 24, 2020). These startling statistics have led many courts, including this one, to hold that there are extraordinary and compelling reasons to release a defendant from prison if the defendant is at significant risk of severe complications from COVID-19. *See, e.g.*, *United States v. Pippin*, Case No. CR16-0266-JCC, Dkt. No. 122 (W.D. Wash. 2020). For such at-risk defendants, their continued incarceration creates a concrete and unacceptable risk of infection. *See* Equal Justice Initiative, *Covid-19's Impact on People in Prison*, https://eji.org/news/covid-19s-impact-on-people-in-prison/ (last updated May 21, 2020) ("Nationwide, the known infection rate for Covid-19 in jails and prisons is about 2½ times higher than in the general population.").

Entz's case is different than those defendants. Entz initially attempted to establish that extraordinary and compelling reasons exist to grant compassionate release because he suffers from asthma, which might make him more vulnerable to complications from COVID-19. (*Id.* at 4.) The Centers for Disease Control and Prevention ("CDC") reports that individuals with moderate or severe asthma might be at higher risk for complications from COVID-19. CDC, *COVID-19: People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last updated June 25, 2020). However, in early May, after Entz had contracted COVID-19, he reported only mild shortness of breath and no other symptoms or complications. (*See* Dkt. No. 77 at 2.) On reply, Entz argues

that he could become reinfected with COVID-19 and that he therefore remains at risk while incarcerated, particularly in a facility with a high infection rate. (Dkt. No. 79 at 13.) In support of this argument, Entz cites news articles quoting experts who report that it is unclear whether people previously infected with COVID-19 are at reduced risk of reinfection. (Dkt. Nos. 79 at 13 n.9, 82 at 2.)

These reports are in accord with the CDC's assessment that "[t]he immune response, including duration of immunity, to SARS-CoV-2 infection is not yet understood" and it is "not yet known whether . . . immune protection will be observed for patients with COVID-19." *Clinical Questions about COVID-19: Questions and Answers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html (last updated June 25, 2020). Previously-infected people could be immune from reinfection entirely, temporarily, or not at all. *See id.* In addition, a person's immunity could depend on whether they were asymptomatic during their first infection—or it could not. Apoorva Mandavilli, *You May Have Antibodies After Coronavirus Infection. But not for Long.*, N.Y. Times, https://www.nytimes.com/2020/06/18/health/coronavirus-antibodies.html (last updated June 20, 2020) (reporting on a study that found that certain sets of antibodies declined quicker in asymptomatic people while another set declined slower).

This uncertainty cuts against compassionate release. Compassionate release is limited to "extraordinary and compelling reason[s]," 18 U.S.C. § 3582(c)(1)(A), and the party seeking release bears the burden of showing that those reasons exist. *See United States v. Greenhut*, 2020 WL 509385, slip op. at 1 (C.D. Cal. 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)). Entz has not carried his burden. At most, Entz has shown that reinfection is theoretically possible but not that he in particular is vulnerable to severe complications as a result of reinfection. That possibility is not the same as the concrete and serious threat that infection poses to at-risk inmates, and it is not an extraordinary and compelling reason to release Entz from prison.

## III.     CONCLUSION

For the foregoing reasons, Entz's motion for compassionate release pursuant to 18 U.S.C §3582(c)(1)(A) (Dkt. No. 71) is DENIED. Entz's motion to seal (Dkt. No. 72) and the United States' motion to seal (Dkt. No. 76) are GRANTED.  The Clerk is DIRECTED to maintain Docket Numbers 73 and 77 under seal. The United States' motion for over-length brief (Dkt. No. 74) is GRANTED.

DATED this 30th day of June 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE